**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LAKENDRA BROWN,** | ) | |
|        **Plaintiff,** | ) | |
| vs. | ) | No. 3:12-CV-0776-P-BH |
| | ) | |
| **CHASE,** | ) | |
|        **Defendant.** | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

On March 14, 2012, Plaintiff filed this wrongful foreclosure action against the defendant. (*See* doc. 3.) Her complaint in its entirety stated, "Foreclosure" and "370 Othe [sic] fraud." *Id.* After granting her leave to proceed *in forma pauperis*, the Court sent her a questionnaire on March 20, 2012, to obtain more information about her claims. (*See* doc. 7.) The questionnaire specifically advised Plaintiff that her answers to the questions were due within twenty days, and that failure to file her answers could result in the dismissal of her case. *Id.* More than twenty days from the date of the questionnaire have passed, but Plaintiff has not filed her answers or else in this case.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). By order dated

March 20, 2012, Plaintiff was given twenty days to provide more information about her claims, and she was specifically warned that failure to do so could result in dismissal of this action. Because she failed to follow a court order or otherwise show that she intends to proceed with this case, it should be dismissed under Rule 41(b).

### III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless Plaintiff files her answers to the questionnaire within the time for objecting to this recommendation.

**SIGNED this 13th day of April, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2